UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

```
************************************ *
SUNNY BAYE                           *
                                     *
        Plaintiff,                   *       Civil Action No. 2:15-cv-01337
                                     *
    vs.                              *
                                     *
OXFORD LAW, LLC, and                 *
AUDUBON RECOVERY, LLC                *
                                     *
        Defendants.                  *
************************************ *
                                     *
```

# COMPLAINT AND JURY DEMAND

## NATURE OF ACTION

1.  This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

4.  Plaintiff, Sunny Baye ("Plaintiff"), is a natural person who at all relevant times resided in the State of Louisiana, Parish of Terrebonne, and City of Houma.

5.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Oxford Law, LLC ("Oxford") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Oxford is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant Audubon Recovery, LLC ("Audubon") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. Audubon is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt.

11. Plaintiff's obligation, or alleged obligation, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal credit card (the "Debt").

12. Oxford uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. Audubon purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

14. Audubon is not the original creditor of Plaintiff's Debt.

15. Audubon acquired Plaintiff's Debt when in default.

16. Audubon retained Oxford to collect the Debt on its behalf.

17. In connection with the collection of the Debt, Oxford sent Plaintiff a written communication dated September 3, 2014.

18. A true and accurate copy of the September 3, 2014 letter to Plaintiff is attached to this complaint as Exhibit A.

19. Oxford's September 3, 2014 letter identified the "original creditor" as Audubon.

20. Oxford's September 3, 2014 letter therefore falsely represented the identity of the original creditor.

21. Oxford represented to Plaintiff, through a letter dated November 21, 2012, that the balance of the Debt was $7,841.14.

22. Through a letter dated January 2, 2013, Oxford represented that the balance of the Debt was $7,841.14.

23. Since 2012, Plaintiff has made $75 monthly payments on the Debt to Audubon.

24. However, in its September 3, 2014 letter, Oxford represented that the balance of the Debt was $14,708.50.

25. Oxford misrepresented the amount of the Debt in its September 3, 2014 letter.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

26. Plaintiff repeats and re-alleges each and every factual allegation above.

27. Oxford violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's Debt.

3

28. Audubon, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Oxford, the debt collector it retained to collect the Debt from Plaintiff on its behalf.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

29. Plaintiff repeats and re-alleges each and every factual allegation above.

30. Oxford violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's Debt.

31. Audubon, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Oxford, the debt collector it retained to collect the Debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

32. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: April 24, 2015.

    LAW OFFICE OF ASHLEY J. SCOTT, PLLC

/s/ Ashley J. Scott
Ashley J. Scott
LA State Bar No. 34081
3730 Kirby Dr. Ste. 1200 #283
Houston, TX 77098
Telephone: (888) 595-9111 ext. 275
Facsimile: (866) 317-2674
ascott@consumerlawinfo.com
*Of-counsel Thompson Consumer Law Group, PLLC*

**Correspondence address**

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave D106-618
Mesa, AZ 85206

Attorneys for Plaintiff Sunny Baye